No. 6179.

### J. S. LEISEY VS. BRANCH TANNER AND T. B. HELM, TUTOR.

The record shows that the heirs of Mrs. Desire Tanner, including the minors Helm through their deceased mother, owned a plantation in common, and that, for the purpose of cultivating it, they determined to execute a mortgage thereon to raise the necessary funds. A family meeting was duly convoked, who decided that it was to the advantage of the said minors that a mortgage should be executed on their one-fifth of said property for said purpose. Their deliberations were homologated, the execution of the mortgage ordered and duly effected to secure the note sued on and identified with the act of mortgage. This is in conformity to the law and jurisprudence of this State.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. W. F. Blackman,* for plaintiff and appellee. *T. C. Manning,* for T. B. Helm, defendant and appellant.

HOWELL, J. This is an action by the holder against the joint makers of a note secured by mortgage on property of the makers. The defense on the part of T. B. Helm, tutor, is that the property of his wards could not be incumbered except for their sustenance and education; that if the mortgage is valid it can affect only the property specifically mortgaged; and that the minors can not be bound solidarily with the other maker.

The tutor appealed from a judgment against him for one-half of the note with recognition of mortgage.

The record shows that the heirs of Mrs. Desiré Tanner, including the minors Helm through their deceased mother, owned a plantation in common, and for the purpose of cultivating it determined to execute a mortgage thereon to raise the necessary funds. A family meeting was duly convoked, who decided that it was to the advantage of the said minors that a mortgage should be executed on their one-fifth of said property for said purpose. Their deliberations were homologated, the

execution of the mortgage ordered and duly effected to secure the note sued on and identified with the act of mortgage.

This is in conformity to the law and jurisprudence of this State. See R. C. C. 339; 14 An. 760; 13 An. 364; 12 An. 674; 11 An. 667; 4 An. 253, 543.

As to the second defense, it need only be said that it can be considered when the occasion for it arises. In this case the judgment directs only the property mortgaged, the one-fifth interest in a certain plantation, to be sold.

As to the third ground, the minors were not condemned solidarily with the other maker.

Judgment affirmed.